## The accounting of the Guardian of MARY C. O'NEIL.

SURROGATES have no jurisdiction over the conduct and the accounts of the attorneys and counsel of guardians.
Payment of infant's money into Court.

WILLIAM A. COURSEN, *for the Guardian.*
JOHN McKEON *and* FREDERICK SMYTH, *for Infant.*

THE SURROGATE. Upon the citation issued from this Court, Mr. Melliss, the guardian of this infant, accounted, showing that a considerable balance was due and belonging to his ward. The Surrogate delivered his opinion upon the evidence taken upon the application for removal of the guardian, arriving at a conclusion in favor of such removal. Before the actual entry of the decree, however, the guardian moves upon affidavits for a rescinding of the Surrogate's conclusion, and for the opening of the case for the submission of further evidence. He has at the same time paid into Court the amount of the balance apparently in his hands, with costs, to await the decree of the Surrogate, upon which payment I have temporarily stayed proceedings in the entering of the decree. In his affidavit asking for the opening of the case, Mr. Melliss states that his first knowledge of the guardianship was when he was informed by George Shea, Esq., his then legal counsel, that he, Melliss, had been or was about to be appointed guardian of this infant; that he has always understood that such appointment was made for the accommodation of his said counsel or of some other person; that he never had any acquaintance with this infant or with any of her

kindred, and has never seen her; and has never had in his possession or control one dollar of her property. He alleges that his entire conduct as guardian has been in accordance with the advice of his said legal counsel, and his ground for the present motion to open the case is distinctly stated to be that the whole matter of the guardianship business was conducted by his lawyer, of whose conduct he knew nothing.

I need not go into the affidavits and points submitted in opposition to the motion. I deny it upon the ground of want of jurisdiction. I have no authority over Mr. Shea, in his capacity as the counsel for the guardian; no power to compel a statement of his accounts with the estate of Mary C. O'Neil, and no jurisdiction to punish him for any act committed to its detriment.

The statute gives the Surrogate jurisdiction over the conduct and the accounts of guardians, but he has no such control over the accounts of attorneys and counsel. It will not be pretended by the learned counsel for this guardian, that, in the event of the re-opening of this accounting, and the disclosure of any misconduct on the part of Mr. Shea, I could make and enforce a decree compelling the payment of money from him. For such remedy, if such be demanded, recourse would have to be had to a court of competent jurisdiction.

In other words, while the matter before me was an issue between Mary C. O'Neil and her guardian, David M. Melliss, the Surrogate possessed jurisdiction to make orders and decrees binding on both. Now that it is an issue between David M. Melliss and George Shea, I am unable to adjudge it.

I may here say that the prompt and full payment into Court by Mr. Melliss of the amount which appears due from him to the estate, with costs of the accounting, certainly places him in a better position than before. The money of the infant is now safe, and her support and education can be provided for. It is not within my power,

however, to change the conclusion I arrived at in March last, which must be made definite, and a decree as then directed will be entered.